UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>PALADIN SECURITY,<br><br>    Defendant. | No. 2:17-cv-0129 TLN CKD PS<br><br>ORDER AND<br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff alleges claims arising out of an interaction he had with a security guard. The complaint does not allege a basis for subject matter jurisdiction in this court. The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction,

plaintiff's claims cannot proceed in this venue.[1] Because there is no basis for federal subject matter jurisdiction evident in the complaint, plaintiff will be ordered to show cause why this action should not be dismissed. Failure to allege a proper basis for subject matter jurisdiction will result in a recommendation that the action be dismissed.

Plaintiff also requests appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied; and

3. No later than February 7, 2017, plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

Dated: January 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 warfield0129.ifp.nosmj

---

[1] Although plaintiff alleges violations of federal Constitutional provisions, the named defendant does not appear to be a state actor and thus liability under 42 U.S.C. § 1983 cannot lie.